IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

CASE NO. 21-3400

---

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DAVID McCALL,
Defendant-Appellant.

---

On Appeal from the United States District Court
for the Northern District of Ohio
Eastern Division

---

GOVERNMENT'S PETITION FOR REHEARING *EN BANC* UNDER
FEDERAL RULE OF APPELLATE PROCEDURE 35(a)(1) and (b)(1)(A)

---

BRIDGET M. BRENNAN
United States Attorney

Rebecca Chattin Lutzko
Chief, Criminal Appeals
Matthew Kall
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone No: (216) 622-3888/3915
Facsimile No: (216) 522-7358
Rebecca.Lutzko@usdoj.gov
Matthew.Kall@usdoj.gov

Counsel for Plaintiff-Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................................................ii

INTRODUCTION.......................................................................................1

STATEMENT OF THE CASE AND FACTS...................................................4

DISCUSSION............................................................................................9

    A.  THE COURT'S PREVIOUS DECISIONS HELD THAT
        NONRETROACTIVE SENTENCING-LAW CHANGES DO NOT
        BEAR ON THE COMPASSIONATE-RELEASE-ELIGIBILITY
        CALCULUS AND ABROGATED THE CONTRARY HOLDING IN
        *OWENS*. ....................................................................................10

    B.  THE PANEL MAJORITY REVIVED THE CIRCUIT
        DISAGREEMENT ON THIS QUESTION, WHICH *MCKINNIE*
        HAS NOW FURTHER ENTRENCHED.........................................15

CONCLUSION.........................................................................................17

CERTIFICATION OF COMPLIANCE WITH PAGE LIMITATION ..............18

CERTIFICATE OF SERVICE ...................................................................19

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS..........20

i

# TABLE OF AUTHORITIES

## Cases

*Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019) ......................................7

*Dorsey v. United States*, 567 U.S. 260 (2012) ...........................................11, 15

*United States v. Booker*, 543 U.S. 220 (2005) ............................................. 2, 15

*United States v. Cordero*, 973 F.3d 603 (6th Cir. 2020)...................................7

*United States v. Elias*, 984 F.3d 516(6th Cir. 2021) ..........................................6

*United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) ........................... 3, 7, 8, 16

*United States v. Hunter*, 12 F.4th 555 (6th Cir. Cir. 2021)........................ *passim*

*United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021), *cert. denied*, 2022 WL 89314 (Jan. 10, 2022)............................................................. *passim*

*United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).......................................6

*United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021)........................... *passim*

*United States v. McKinnie*, --F.4th--, No. 21-3608, 2022 WL 221539 (6th Cir. Jan. 26, 2022)........................................................... 3, 15, 16

*United States v. Owens*, 996 F.3d 755 (6th Cir. 2021).............................. *passim*

*United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021), *cert. denied*, 2022 WL 89405 (Jan. 10, 2022)................................................... *passim*

*United States v. Wills*, 991 F.3d 720 (6th Cir. 2021). ......................................10

*United States v. Wills*, 997 F.3d 685 (6th Cir. 2021) ................................ *passim*

## Statutes

18 U.S.C. § 3553(a) .....................................................................5, 8, 11, 12

18 U.S.C. § 3582(b) .....................................................................................5

18 U.S.C. § 3582(c) ............................................................................. 5, 15

18 U.S.C. § 3582(c)(1)(A) ..................................................................... *passim*

18 U.S.C. § 3582(c)(1)(A)(i) ................................................................. 3, 5

21 U.S.C. § 841 ...................................................................................... 4

21 U.S.C. § 846 ...................................................................................... 4, 7

21 U.S.C. § 924(c) ............................................................................... 12, 13

28 U.S.C. § 994(a)(2)(C) ....................................................................... 6

28 U.S.C. § 994(t) ............................................................................... 6, 8, 9

## Other Authorities

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ..................... *passim*

U.S.S.G. § 1B.13 ................................................................................. 6

U.S.S.G. § 1B1.13 ................................................................................ 6

U.S.S.G. § 4B1.1(a) .............................................................................. 4

## Federal Rules

Fed. R. App. P. 35(a)(1) ........................................................................ 1

## **INTRODUCTION**

This Court has issued contradictory published decisions on the question whether nonretroactive changes in sentencing law can support the "extraordinary and compelling reasons" required to establish the defendant's eligibility for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The answer is now "unknowable" in this Circuit, leaving district courts without any guidance for addressing such claims. *See United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021) (Kethledge, J., dissenting). *En banc* rehearing is thus "necessary to secure or maintain uniformity" of this Court's decisions. Fed. R. App. P. 35(a)(1).

Two panels of this Court rejected—without controversy—the contention that a nonretroactive sentencing amendment that Congress made in the First Step Act of 2018 (the "First Step Act") qualifies as an "extraordinary and compelling" reason under § 3582(c)(1)(A) to establish the defendant's eligibility for relief. *See United States v. Wills*, 997 F.3d 685 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021), *cert. denied*, 2022 WL 89405 (Jan. 10, 2022). This Court's published decisions then diverge markedly.

*United States v. Owens*, 996 F.3d 755, 764 (6th Cir. 2021), acknowledged that a district court cannot rely on a nonretroactive First Step Act sentencing-law amendment alone. But it held that this statutory development—when combined

1

with some other consideration—could establish extraordinary and compelling reasons for compassionate-release eligibility.  *Id.*

*United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021), *cert. denied*, 2022 WL 89314 (Jan. 10, 2022), by contrast, held that district courts cannot consider nonretroactive sentencing-law changes when determining the defendant's eligibility.  *United States v. Hunter*, 12 F.4th 555, 564 (6th Cir. Cir. 2021), similarly held that the Supreme Court's nonretroactive decision in *United States v. Booker*, 543 U.S. 220 (2005)—which rendered the Sentencing Guidelines advisory—also did not qualify as an extraordinary-and-compelling circumstance for purposes of compassionate-release eligibility.

*Jarvis* and *Hunter* further held that *Owens* had incorrectly disregarded the published decision in *Tomes* and, accordingly, did not constitute binding Circuit authority.  *See Hunter*, 12 F.4th at 564 n.4; *Jarvis*, 999 F.3d at 445-446.  The Circuit's law appeared settled at this point:  nonretroactive sentencing-law changes, whether occasioned by statute or judicial decision, were off limits for purposes of compassionate-release eligibility.  *Owens*'s contrary holding had been abrogated.

Enter *McCall*.  The panel majority in this case declared that *Owens* reflected controlling authority—disregarding the *Jarvis* and *Hunter* holdings.  *See* 20 F.4th at 1114.  And it further held that a nonretroactive decision interpreting the

2

Sentencing Guidelines—*United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*)—could be considered in assessing whether the defendant had extraordinary and compelling reasons for compassionate-release eligibility. *Id.* at 1113-14. That holding squarely deviates from *Hunter*.

Then, last week, *United States v. McKinnie*, --F.4th--, No. 21-3608, 2022 WL 221539 (6th Cir. Jan. 26, 2022), rejected the panel majority's analysis here on the same question. *McKinnie* observed that *Owens* (whether or not "good law" to begin with)—involved nonretroactive *statutory* changes. *Id.* at *2, 4. Thus, *Owens* did not address the question that *Hunter* decided: whether nonretroactive *judicial decisions* about sentencing may constitute extraordinary and compelling reasons. *Id.* Because "*Hunter*, in no uncertain terms, held that a non-retroactive judicial decision is not an 'extraordinary and compelling' reason under § 3582(c)(1)(A)(i)," it controlled as the first published decision addressing that issue. *Id.* at *4. Accordingly, *McKinnie* held—in contrast to the panel majority here—that *Havis* (a nonretroactive judicial decision) cannot be considered in assessing the defendant's compassionate-release eligibility. *Id.* at *3-4.

These decisions cannot be reconciled: they instruct that nonretroactive, postconviction sentencing-law changes both can (*Owens* and *McCall*) and cannot (*Jarvis*, *Hunter*, and *McKinnie*) support compassionate-release eligibility under Section 3582(c)(1)(A). District courts in this Circuit cannot follow both paths.

3

The government thus asks this Court, sitting *en banc*, to resolve this "intractable" conflict. *McCall*, 20 F.4th at 1116 (Kethledge, J., dissenting).

## STATEMENT OF THE CASE AND FACTS

### A.    McCall Is Sentenced As A Career Offender For Conspiring To Traffic Heroin And Cocaine.

In 2013, David McCall pled guilty to conspiring to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. (R. 1150: Plea Agreement, PageID 8507-08). In return, the government agreed to dismiss a substantive heroin distribution charge brought under 21 U.S.C. § 841. (*Id.*; R. 35: Superseding Indictment, PageID 557-58).

At sentencing, the district court found that McCall was a Guidelines "Career Offender." (R. 1605: Sentencing Trans., PageID 12719). That provision increases a defendant's Guideline calculation if (1) he was at least 18 years old when committing the offense of conviction; (2) the "instant offense of conviction" was a felony "crime of violence" or "controlled substance offense"; and (3) he had at least two prior felony "crime of violence" or "controlled substance offense" convictions. U.S.S.G. § 4B1.1(a) (2014). McCall had five predicate convictions: burglary, felonious assault ("physical harm"), and three drug-trafficking cases. (*Id.*, PageID 12724-46; R. 1250: PSR, PageID 9570-73). He neither challenged that these convictions qualified, nor asserted that his "instant offense of conviction," *i.e.*, conspiracy, was not a controlled substance offense.

4

The district court imposed a 235-month sentence, selecting the highest-end of the applicable range.  (*Id.*, PageID 12736; R. 1501: Judgment, PageID 11943-47).  This Court dismissed McCall's direct appeal, enforcing his appeal waiver.  (Sixth Cir. Case No. 15-3771, Doc. 29-2: Order).  McCall later filed a Section 2255 motion to vacate his conviction, but the district court rejected his claim that counsel had been ineffective at sentencing.  (R. 1717: Motion, PageID 14529-40; R. 1734: Order, PageID 14601-06).

> **B.    McCall Seeks Compassionate Release, Citing As "Extraordinary And Compelling Reasons" The Different Guidelines Calculation That Would Apply If He Were Sentenced Today; The Pandemic; And His Rehabilitation.**

A district court may modify an otherwise final sentence in only limited circumstances.  18 U.S.C. § 3582(b) and (c)).  Section 3582(c)(1)(A)(i)—colloquially known as the "compassionate release" provision—outlines one such circumstance.  First, there must be "extraordinary and compelling reasons" that warrant a reduction.  Second, the reduction must be consistent with "applicable" Sentencing Commission policy statements.  Third, the court must consider the applicable factors in 18 U.S.C. § 3553(a).

Before 2018, this statute authorized a district court to act only "upon motion of the Director of the [BOP]."  18 U.S.C. § 3582(c)(1)(A) (2014).  In the First Step Act, however, Congress amended § 3582(c)(1)(A) to permit district courts to act "upon motion of the defendant" in certain circumstances, thus removing BOP as

5

the exclusive gatekeeper.  Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5339.

The statute does not define the phrase "extraordinary and compelling reasons."  Instead, Congress directed the Sentencing Commission to enumerate them, *see* 28 U.S.C. § 994(a)(2)(C) and (t), but excluded "[r]ehabilitation of the defendant alone" as "an extraordinary and compelling reason," 28 U.S.C. § 994(t).

The Commission promulgated a policy statement that specified four "extraordinary and compelling reasons" that might warrant a defendant's release: medical condition; age; family circumstances; or another reason "as determined by the Director of the [BOP]."  *See* U.S.S.G. § 1B.13 cmt. n.1.  This Court has held, however, that U.S.S.G. § 1B1.13 is not an "applicable" policy statement for inmate-filed motions.  *United States v. Jones (Michael)*, 980 F.3d 1098, 1109 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).  As a result, district courts in this Circuit may consider that Guideline as relevant guidance for such motions, but may not treat it as binding.  *Tomes*, 990 F.3d at 503.  Instead, they have wide discretion to determine what constitutes "extraordinary" and "compelling." *Elias*, 984 F.3d at 519.

In November 2020, McCall filed a compassionate-release motion and argued that the combination of (1) the COVID-19 pandemic, in general (he had no underlying medical condition increasing his risk of severe illness); (2) his rehabilitative efforts; and (3) sentencing-law changes together constituted

extraordinary and compelling reasons making him eligible for relief. He cited this Court's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*), as the sentencing-law change upon which he asserted eligibility. (R. 2109: Motion, PageID 17031-37; R. 2134: Supplement to Motion, PageID 17211-20).

Following *Havis*, federal drug-trafficking conspiracies under 21 U.S.C. § 846 no longer qualify as Guidelines controlled-substance offenses. *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020). Thus, today, McCall's "instant offense of conviction" would not qualify under the career-offender Guideline.[1] (R. 2134: Supplement to Motion, PageID 17214-15). He argued that this sentencing-law change supported his eligibility for compassionate release, notwithstanding this Court's holding that *Havis* does not apply retroactively and is not cognizable on collateral review. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019).

In April 2021, the district court denied McCall's motion. (R. 2143: Order, PageID 17306-08). It found that he had no medical issues increasing his risk from a COVID-19 infection, and that the pandemic alone did not establish eligibility. It declined to consider, as an eligibility factor, the effect that *Havis*, a nonretroactive

---

[1] Although the panel majority also stated that McCall's previous convictions might no longer count as career-offender predicates after *Havis*, *see* 20 F.4th 1114-15 & n.5, the government can demonstrate that four of his five cited convictions still qualify.

sentencing decision, would have on McCall's sentence; that would "sidestep normal post-conviction requirements." (*Id.*, PageID 17307). It acknowledged that *Havis* might affect its Section 3553(a) analysis, but declined to assess those factors in the absence of eligibility. Lastly, it observed that under 28 U.S.C. § 994(t), McCall's rehabilitation alone cannot be the basis for relief. Because McCall had not demonstrated extraordinary and compelling reasons, he was ineligible. (*Id.*).

On appeal, a split panel reversed. The majority stated that the district court "acted as if it could not consider" the pandemic, changes in sentencing law, and rehabilitation, "either alone or in tandem," as factors supporting eligibility. *McCall*, 20 F.4th at 1109. It held that binding precedent—*Owens*—said otherwise, permitting a court to "consider a nonretroactive change in the law as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." *Id.* at 1116. It thus remanded for further consideration. *Id.*

Judge Kethledge dissented. He noted that four earlier published Sixth Circuit decisions "squarely held that a nonretroactive change in sentencing law cannot support a finding of 'extraordinary and compelling reasons' under § 3582(c)(1)(A)." *Id.* at 1116. Two of those cases—*Wills* and *Tomes*—were decided before *Owens*, which he described as an "outlier." *Id.* He also characterized *Owens*' attempt to distinguish *Tomes* as "implausible" and reiterated

8

*Jarvis*' statement that the distinction *Owens* offered (citing both a sentencing-law change and at least one other reason) put *Tomes* "'into a null set[.]'" *Id.* In particular, Judge Kethledge noted that the defendant in *Tomes* had similarly cited multiple grounds to support his extraordinary-and-compelling claim.

Judge Kethledge reasoned that *Tomes* (and *Wills* before it) set forth a legal ruling that nonretroactive sentencing changes are excluded from the meaning of "extraordinary and compelling reasons" within § 3582(c)(1)(A). *Id.* By departing from those rulings, Judge Kethledge stated, the majority created an "intractable" intra-circuit split, wherein district judges cannot know how to proceed. *Id.*

## DISCUSSION

McCall and other defendants have argued that district courts can consider nonretroactive changes in sentencing laws as an extraordinary and compelling reason to modify their sentences. Ordinarily, this question would not warrant *en banc* review because it could be addressed by the Sentencing Commission, which retains authority to describe "what should be considered extraordinary and compelling reasons" for granting such a motion, 28 U.S.C. § 994(t), or release district courts from their statutory obligation to adhere to that description. *See* 18 U.S.C. § 3582(c)(1)(A). But the circumstances here are special because of the "intractable" intra-Circuit conflict: five panels have rejected McCall's argument in published opinions, while two, including the panel in this case, have accepted it.

9

District courts and parties need this Court's uniform guidance now, given the countless similar pending motions across this Circuit. *En banc* review is thus warranted.

**A.     The Court's Previous Decisions Held That Nonretroactive Sentencing-Law Changes Do Not Bear On The Compassionate-Release-Eligibility Calculus And Abrogated The Contrary Holding In *Owens*.**

In *Wills*,[2] the defendant cited the First Step Act's changes to mandatory-minimum penalties in drug cases as an extraordinary and compelling reason to modify his sentence. In light of his conviction for a drug-trafficking crime and previous drug-felony conviction, the defendant received a mandatory 240-month sentence. 997 F.3d at 686. Congress subsequently passed the First Step Act, which limited the scope of prior drug-felony offenses that would trigger this mandatory minimum. Congress, however, only applied that change prospectively to defendants who were not yet sentenced. First Step Act, § 401(c).

Although the amendment did not apply to Wills, he argued that this nonretroactive change constituted an extraordinary and compelling reason to modify his sentence because he would not face a 20-year mandatory minimum if sentenced today. *Wills*, 997 F.3d at 686-87. He also cited his need to care for

---

[2]   Initially, *Wills* was unpublished, issued on March 9, 2021. *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021). It was later published on May 14, 2021.

family members and his rehabilitation as factors supporting his compassionate-release eligibility. *Jarvis*, 999 F.3d at 446 (citing the district court record).

This Court affirmed the district court's denial of the motion. Quoting *Dorsey v. United States*, 567 U.S. 260, 280 (2012), the panel noted the "ordinary practice" of applying new penalties to defendants not yet sentenced and to withhold that change from previously sentenced defendants. *Wills*, 997 F.3d at 688. Thus, it was legally impermissible for a district court to rely on this nonretroactive sentencing amendment to find a defendant eligible for sentencing relief: "What the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Id*.

A separate panel in *Tomes* reached the same result. Tomes argued that his asthma, the COVID-19 pandemic, his rehabilitative efforts, and First Step Act changes in drug-trafficking penalties established his eligibility for a Section 3582(c)(1)(A) sentencing modification. 990 F.3d at 501. The district court disagreed, finding that it was bound by U.S.S.G. § 1B1.13, which did not authorize relief in such circumstances, and further, that Section 3582(c)(1)(A) was "not an appropriate vehicle" for Tomes to seek a reduced sentence. *Id* at 503, 505. The court also found that the Section 3553(a) factors did not support modifying Tomes' sentence, even if he had been eligible. *Id.* at 503-04.

11

On appeal, the panel faulted the district court's reliance on § 1B1.13, but affirmed its Section 3553(a) analysis. *Id.* at 504-05. It also considered and rejected Tomes' argument that he should receive compassionate release "because if he were sentenced today for the same crime, he would not have gotten the sentence he did." *Id* at 505. Since Congress had not made that provision retroactively applicable to defendants like Tomes, the panel held that it "will not use § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id.*

Two months later, *Owens* reached a different result. Owens cited the First Step Act's nonretroactive changes to Section 924(c) penalties and his rehabilitation as extraordinary and compelling reasons to modify his sentence. 996 F.3d at 758. The panel majority held that *Wills* and *Tomes* did not control because they had not addressed whether nonretroactive sentencing-law changes—when combined with other factors—could establish compassionate-release eligibility. *Id.* at 763-64. The majority held this distinction mattered; a nonretroactive sentencing change *could*—when combined with another ground (such as rehabilitation)—establish extraordinary and compelling reasons to modify a sentence. *Id.*

The panel majority distinguished *Wills* and *Tomes* on the understanding that they implicated the narrow question whether the First Step Act's nonretroactive sentencing amendments alone established the defendant's eligibility. *Id*. at 760-63.

12

That premise was mistaken.  The defendant in *Wills* had also cited his need to care

for family members and his rehabilitation as factors.  *See Jarvis*, 999 F.3d at 446

(citing district court records).  And the defendant in *Tomes* had also cited the

pandemic and his rehabilitative efforts—combined with the sentencing-law

changes—as grounds for relief.  *See* 990 F.3d at 501, 502.

Judge Thapar dissented.  He argued that the majority's reasoning was flawed

and failed to follow *Tomes* and *Wills*, which had already decided that

nonretroactive sentencing-policy changes in the First Step Act are not, as a matter

of law, permissible grounds upon which to base an extraordinary-and-compelling

finding.  *Owens*, 996 F.3d at 764 (Thapar, J., dissenting).  He asserted that "a court

does not have discretion to redefine ordinary circumstances as extraordinary, or to

circumvent a contrary statutory command."  *Id.*  "And if a court considered the

reduced penalties prescribed by the First Step Act in the 'extraordinary and

compelling reasons' analysis, it would do both."  *Id.*

Two published decisions then declined to follow *Owens* on the ground that

its holding had improperly disregarded *Tomes* and *Wills*.

In *Jarvis*, the defendant argued that his blood pressure, his rehabilitative

efforts, and the First Step Act's amendments to Section 924(c) collectively

constituted extraordinary and compelling reasons.  The panel majority disagreed.

It held that "adding a legally impermissible ground to three insufficient factual

13

considerations does not entitle a defendant to a sentence reduction." 999 F.3d at 444. It further held that *Tomes* dictated this holding: the defendant there had presented five grounds for relief, and a "faithful reading of *Tomes* leads to just one conclusion: that it excluded non-retroactive First Step Act amendments from the category of extraordinary or compelling reasons, whether a defendant relies on the amendments alone or combines them with other factors." *Id.* at 446 (cleaned up). It noted that *Wills*, too, had cited other factors. *Id.* Finally, the panel majority held that *Owens'* contrary holding could not be reconciled with *Tomes* and, accordingly, did not reflect binding circuit authority. *Id.* at 445-46.

Judge Clay disagreed. He declined to read *Tomes* as addressing this question and he voted to follow *Owens'* holding that a First Step Act amendment, when combined with other factors, was proper fodder for compassionate-release eligibility. *Id.* at 447-48.

Shortly thereafter, the panel in *Hunter* reached the same conclusion as *Jarvis*. 12 F.4th at 564 & n.4. The defendant there argued that the combination of several factors—the pandemic, his health, his age at the time of the offense, his rehabilitative efforts, sentencing disparities, and sentencing-law changes— constituted extraordinary and compelling reasons. *Id.* at 560. Of note, the defendant did not rely on First Step Act amendments. Instead, he cited his

14

imprisonment under a pre-*Booker* Guidelines mandatory life sentence—a fact that the district court referenced in granting relief.

The panel reversed, holding that "[t]he district court erred when it considered *Booker*'s non-retroactive change in sentencing law as a factor to support an 'extraordinary and compelling' reason for Hunter's release." *Id.* at 563. It explained that the nonretroactivity doctrine limiting *Booker*'s application is "an ordinary rule applied to all criminal defendants." *Id.* Relying on *Dorsey*'s teaching that an ordinary practice cannot also be an extraordinary and compelling reason to deviate from that practice, the panel held that *Jarvis*'s holding and reasoning "apply with equal force" to extraordinary-and-compelling-reasons claims based on nonretroactive sentencing decisions like *Booker*. *Id.* at 564. It instructed that "§ 3582(c) . . . did not grant district courts the discretion to unilaterally alter the non-retroactivity of criminal procedure precedent." *Id.* at 566.

**B.    The Panel Majority Revived The Circuit Disagreement On This Question, Which *McKinnie* Has Now Further Entrenched.**

Until this case, this Circuit's compassionate-release jurisprudence appeared settled: *Tomes* and *Wills* controlled; and nonretroactive sentencing-law changes, whether occasioned by statutory amendments or judicial decisions, do not constitute "extraordinary and compelling reasons" as a matter of law. *Owens*—a later-decided decision—had been abrogated.

15

The panel majority in *McCall* revived the disagreement. It anointed *Owens* as the controlling Circuit decision, rejected the contrary holdings in *Jarvis* and *Hunter*, and held that a nonretroactive change in the Sentencing Guidelines' operation could (in combination with some other fact) qualify as an extraordinary and compelling circumstance for purposes of the defendant's compassionate-release eligibility.

And that disagreement deepened last week with *McKinnie*. McKinnie relied on his medical conditions, the COVID-19 pandemic, and (like McCall had) *Havis*, to claim eligibility for compassionate release. 2022 WL 221539, at *1. The panel in *McKinnie* held that "because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason" to grant compassionate release. *Id.* at *3. It noted that *Owens* had involved nonretroactive statutory sentencing-law changes, and held that *Hunter* is "the law of the Circuit" on the distinct question of whether nonretroactive judicial precedent can be considered for compassionate-release eligibility. *Id.* at * 4. And *McKinnie* refused to follow the panel majority's contrary holding in this case, characterizing "*McCall*'s reasoning [as] flawed top to bottom." *Id.*

Collectively, this Court's published decisions agree on one (and only one) point: the Circuit's jurisprudence on this question is now hopelessly conflicted. *See, e.g.*, *McCall*, 20 F.4th at 1114 (recognizing an "intra-circuit split"); *id.* at 1116

16

(Kethledge, J., dissenting) ("[T]he issue presented in these cases is plainly the subject of an intra-circuit split—which is now intractable."). District courts have no way to discern which decision to follow when faced with a similar eligibility determination under Section 3582(c)(1)(A). *En banc* consideration is thus necessary to secure uniformity of the Court's decisions and to provide clear guidance to district courts and litigants.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court grant its petition for rehearing *en banc*.

Respectfully submitted,

BRIDGET M. BRENNAN
United States Attorney

By:  /s/Rebecca C. Lutzko
Rebecca C. Lutzko
Chief, Criminal Appeals
Matthew Kall
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone No: (216) 622-3888/3915
Facsimile No: (216) 522-7358
Rebecca.Lutzko@usdoj.gov
Matthew.Kall@usdoj.gov

## <u>CERTIFICATION OF COMPLIANCE WITH PAGE LIMITATION</u>

I hereby certify that the foregoing document contains 3,588 words according to the Microsoft Word word-counting feature and thus does not exceed this Court's 3,900-word limit for petitions seeking *en banc* review.

/s/ Rebecca Chattin Lutzko
Rebecca Chattin Lutzko
Chief, Criminal Appeals

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 31st day of January 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties through this Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>/s/ Rebecca Chattin Lutzko</u>
Rebecca Chattin Lutzko
Chief, Criminal Appeals

19

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the following filings from the district court's records are designated as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio, Case No. 1:13-CR-345 | N/A | N/A |
| Superseding Indictment | 35 | 411-601 |
| Plea Agreement | 1150 | 8505-19 |
| Presentence Report ("PSR") (Under Seal) | 1250 | 9567-74 |
| Judgment | 1501 | 11943-48 |
| Sentencing Transcript | 1605 | 12717-41 |
| Motion for Compassionate Release | 2109 | 17031-37 |
| Supplement to Motion for Compassionate Release | 2134 | 17211-20 |
| Order Denying Motion for Compassionate Release | 2143 | 17036-38 |